NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER KURAMOTO,

Plaintiff-Appellant,

v.

HEART & VASCULAR CENTER OF
ARIZONA PC,

Defendant-Appellee.

No.   21-17004

D.C. No. 2:20-cv-00113-SMB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Susan Brnovich, District Judge, Presiding

Submitted December 5, 2022**
Phoenix, Arizona

Before:  WARDLAW and BUMATAY, Circuit Judges, and SCHREIER,***
District Judge.

Christopher Kuramoto (Kuramoto) appeals the district court's grant of

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

partial summary judgment and partial judgment after a bench trial in favor of Heart & Vascular Center of Arizona (the "Center"). Before the district court, Kuramoto, a former Center employee, raised claims under the Family and Medical Leave Act (FMLA) and the Arizona Fair Wages and Healthy Families Act. He asserted that the Center unlawfully interfered with him taking leave under the FMLA and retaliated against him in violation of state law for taking earned paid sick leave following a car accident.[1] On appeal, Kuramoto argues that the district court erroneously concluded that he failed to return a health care provider certification and that the Center had overcome the legal presumption of unlawful retaliation for his use of earned paid sick leave. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly granted summary judgment on Kuramoto's FMLA interference claim, holding that FMLA regulations permitted the Center to require he submit a health care provider certification on its chosen form and that the Center was not required to provide Kuramoto with a notice of deficiency and opportunity to cure. Under the FMLA, employers may request a health care provider certification that supports an employee's need for leave, and FMLA regulations give employers the option of requiring that this certification be

---

[1] Before the district court, Kuramoto also brought a claim under the Arizona Employment Protection Act. Kuramoto does not appeal the district court's grant of summary judgment on this claim, and we do not address this issue on appeal.

submitted on a Department of Labor form or on another form that collects the same information. 29 U.S.C. § 2613(a); 29 C.F.R. § 825.306(b). Although Kuramoto submitted various medical records and doctor's notes, he concedes that he never returned the requested certification form, even after prompted to do so multiple times by the Center. Because he never submitted a certification, the Center was not required to provide him written notice of the certification's deficiencies and seven days to cure any deficiencies, as is required for incomplete and insufficient certifications. 29 C.F.R. § 825.305(c). Thus, his leave was not protected by the FMLA. 29 C.F.R. § 825.313(b).

2. The district court did not clearly err in finding that the Center presented clear and convincing evidence to overcome the legal presumption of unlawful retaliation under the Fair Wages and Healthy Families Act. Under the Act, when an adverse action is taken against an employee within 90 days of the employee using earned paid sick leave, such action is presumptively retaliatory. Ariz. Rev. Stat. § 23-364(B). The employer can overcome this presumption with "clear and convincing evidence that such action was taken for other permissible reasons." *Id.* Kuramoto does not dispute that between January 16 and February 19, 2019, he missed more than 200 hours of work that was not approved FMLA leave or covered by other paid leave. The Center has consistently asserted that this was the reason for his termination, and it has corroborated this explanation through

3

contemporaneous documentary evidence, including emails and Kuramoto's timesheets and leave statements.  This clear and convincing evidence is sufficient to overcome the legal presumption of unlawful retaliation under the Fair Wages and Healthy Families Act.

**AFFIRMED.**